IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                        Case No. 06-40056-02-SAC

KENNETH EUGENE ALLEN, JR.,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion in limine regarding prior bad acts. Dk. 55. The government objects to the motion.

Defendant contends that evidence of his prior convictions is inadmissible under Fed. R. Evid. 404(b) because his prior crimes are not similar to the present ones and their admission would serve solely to show that defendant has a bad character. Defendant additionally contends that his prior convictions are inadmissible to impeach defendant under Fed. R. Evid. 609, because they are more prejudicial than probative, do not involve dishonesty or false statement, and are remote in time.

The government responds that it intends to offer evidence of

defendant's 2002 conviction for "felon in possession of a firearm"[1] to show defendant's knowledge, motive, intent, and absence of mistake or accident in his joint display and possession of the firearm used during the robbery alleged in the charged counts, and to counter his alibi evidence. The government asserts that any prejudicial effect can be prevented or cured by a limiting instruction.

Defendant's prior felony conviction is admissible under Rule 609(a)(1) if defendant testifies at trial and its probative value outweighs its prejudicial effect, even if it is inadmissible under Rule 404(b). *United States v. Haslip*, 160 F.3d 649, 654 (10th Cir. 1998). As to the government's intent to offer defendant's prior gun felony pursuant to 404(b) regardless of whether or not defendant testifies, the court will delay its ruling until trial when it has a better understanding of the evidence concerning the similarities between that offense and the current offenses, and the purposes for which the evidence is being offered.

The court next addresses defendant's prior bad acts not resulting in conviction, specifically, defendant's prior arrests arising from threats and/or altercations with defendant's proposed alibi witness, Ms. Tanya Sullivan.

---

[1] Although neither party has summarized or listed defendant's prior convictions, from scattered references in the pleadings it appears that in addition to defendant's 18 U.S.C.§ 922(g) conviction he has convictions in 1999 for obstruction of legal process and driving with a suspended license. From the government's representations, the court understands that the government does not intend to offer any prior conviction but defendant's 922(g) conviction.

Defendant's previous counsel stated that she has no objection to admission of evidence of the police call regarding defendant and Ms. Sullivan on the night of the charged robbery, but objects to evidence of defendant's prior arrests which did not result in a conviction. Such evidence is admissible for purposes of impeaching the alibi witness in the event she testifies. Further, this evidence may be independently admissible to show defendant's consciousness of guilt. *See United States v. Nichols*, 374 F.3d 959, 967 (10 Cir. 2004) (a defendant's threat against a potential witness is admissible under Rule 404(b) for the purpose of showing consciousness of guilt if a direct connection is established between the defendant and the threat.)   The court needs further information about the prior altercations between the defendant and the witness, such as the dates on which the events occurred, their similarity to the events on the night of the robbery, and the nature of the threats made, before it makes a definitive ruling on the independent admissibility of these bad acts. Accordingly, this matter is taken under advisement until a point during trial at which a more informed decision can be made.

The court directs the government and its witnesses not to mention before the jury this prior firearm conviction or the conduct underlying it, or the prior altercations between defendant and the alibi witness without first approaching the bench and proffering further details showing its relevance and admissibility under Rules 404(b) and 403.

IT IS THEREFORE ORDERED that defendant's motion in limine regarding prior bad acts (Dk. 55) is denied as to defendant's prior arrests arising from threats and/or altercations with defendant's proposed alibi witness in the event she testifies, but may be reconsidered at trial, and is taken under advisement regarding all remaining challenged evidence.

Dated this 15th day of November, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge